IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HAFILS Y. AKPOVI,<br><br>　　　　　　　Petitioner,<br><br>　vs.<br><br>DAVID DOUGLAS, District Director USCIS Nebraska District Office; WILLIAM CONNOR, Field Office Director U.S. Citizenship and Immigration Services; KENNETH T. CUCCINELLI, Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services; CHAD F. WOLF, Acting Secretary U.S. Department of Homeland Security; and WILLIAM BARR, Attorney General U.S. Department of Justice;<br><br>　　　　　　　Respondents. | 8:20-CV-268<br><br>**MEMORANDUM AND ORDER** |

## I.　　　INTRODUCTION

This case comes before the Court on Petitioner's, Hafils Y. Akpovi's, Petition for Review of Denial of Application for Naturalization Pursuant to 8 U.S.C. § 1421(c) and Request for De Novo Hearing. Filing 1. Defendants, various U.S. immigration officials, move to dismiss Akpovi's Petition for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. Filing 16. For the reasons stated herein, the Court concludes the Petition must be dismissed because the Court cannot grant the relief Akpovi seeks while he is in immigration removal proceedings and because his Petition fails to state a claim upon which relief can be granted.

## II.　　　BACKGROUND

Hafils Y. Akpovi is a native and citizen of Benin. Filing 1 at 3. Defendant David Douglas is the District Director of the United States Citizenship and Immigration Services ("USCIS")

1

Nebraska District Office. Filing 1 at 3. Defendant William Connor is the Field Office Director of the USCIS Nebraska District Office. Filing 1 at 3. Defendant Kenneth T. Cuccinelli is the Senior Official Performing the Duties of the Director of the USCIS, which is the component of the Department of Homeland Security. Filing 1 at 3. Defendant Chad F. Wolf is the Acting Secretary of the Department of Homeland Security. Filing 1 at 3. Akpovi sues Defendants jointly in their official capacities based on their authority over immigration matters, including applications for naturalization. Filing 1 at 3.

Akpovi first entered the United States on an F1 student visa in June 2011. Filing 1 at 5. Akpovi met and married a U.S. citizen in May 2013. Filing 1 at 5. His wife filed a marriage-based Form I-130 relative petition for Akpovi, which was approved in October 2013. Filing 1 at 5. Akpovi then filed a Form I-485 application for permanent residence status which was approved. Filing 1 at 5. In accordance with this approval, Akpovi was granted the status of a conditional lawful permanent resident on October 24, 2013. Filing 1 at 5. USCIS informed Akpovi and his wife that they needed to file a Form I-751 petition to remove the conditions on Akpovi's resident status "within the 90-day period prior to the second anniversary of Petitioner's having acquired conditional permanent resident status." Filing 1 at 5. If such a petition were approved, the conditions of Akpovi's residency would be removed thereby making him a lawful permanent resident. Filing 1 at 5.

Within this ninety-day window, on or about July 28, 2015, Akpovi and his wife filed a Form I-751 seeking removal of the conditions on Akpovi's residency status. Filing 1 at 5. On July 28, USCIS issued a receipt notice for Akpovi's Form I-751 application which also extended his conditional permanent resident status for a period of one year. Filing 1 at 5. On January 22, 2016, USCIS issued a request for Akpovi to submit additional evidence in support of his I-751

2

application and gave him until April 15, 2016, to respond. Filing 1 at 6. Akpovi responded to the request for evidence on March 24, 2016. On August 30, 2017, Akpovi appeared for an interview on his I-751 application. Filing 1 at 6. His wife did not attend the interview. Filing 1 at 6.

Following the interview and before any decision on his I-751 application, Akpovi filed an Application for Naturalization, Form N-400, on October 2, 2018. Filing 1 at 6. He sought to become naturalized as a United States citizen. Filing 1 at 6. On January 25, 2019, USCIS issued a letter entitled "Termination of Conditional Permanent Residence Status" denying Akpovi's I-751 because it determined his marriage to a U.S. citizen was not bona fide. Filing 1 at 6; Filing 1-1.

Thereafter, on April 2, 2019, Akpovi appeared for an interview on his N-400 naturalization application at the USCIS field office in Omaha. Filing 1 at 7. On May 30, USCIS mailed Akpovi a letter denying his application for naturalization because he was no longer a permanent resident following the denial of his I-751 and because being a lawful permanent resident is a prerequisite to naturalization. Filing 1 at 7; Filing 1-3. Akpovi seeks de novo review of the denial of his Application for Naturalization before this Court. Filing 1 at 9. He argues that he met all the requirements for naturalization at the time he filed his N-400 because his I-751 had not yet been denied. Filing 1 at 9-11. In particular, he argues he therefore met the requirement that he be a lawful permanent resident for at least five years prior to filing for naturalization. Filing 1 at 9-11. He asks the Court to direct Defendants to approve his application for naturalization. Filing 1 at 11.

Defendants moved to dismiss Akpovi's Petition under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Filing 16. In support of their Rule 12(b)(1) motion asserting a lack of subject-matter jurisdiction, Defendants submitted an index consisting of the Declaration of William Connor and a copy of a Notice to Appear in immigration court issued to Akpovi. Filing 17; Filing 17-1. The Notice to Appear indicates that following the denial of his I-751 and the

3

termination of his conditional resident status, Akpovi was placed into proceedings to have him removed from the United States. Filing 17-1 at 1.

### III. DISCUSSION

Defendants move to dismiss Akpovi's Petition pursuant to Federal Rule of Civil Procedure 12(b)(1) on the basis that the Court lacks subject-matter jurisdiction. Filing 16; Filing 17 at 10-23. In the alternative, Defendants contend Akpovi's Petition fails to state a claim upon which relief can be granted and therefore must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Filing 16; Filing 17 at 4-10. The Court addresses these contentions in turn.

#### A. Standards of Review

*1. Lack of Subject-Matter Jurisdiction Under Federal Rule of Civil Procedure 12(b)(1)*

"Rule 12(b)(1) . . . governs challenges to subject matter jurisdiction." *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1),[1] the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). "In a facial challenge to jurisdiction, the court presumes all of the factual allegations concerning jurisdiction to be true and will grant the motion only if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Young Am. Corp. v. Affiliated Comput. Servs. (ACS), Inc.*, 424 F.3d 840, 843–44 (8th Cir. 2005) (citing *Titus*, 4 F.3d at 593). In a factual challenge to jurisdiction, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn*, 918 F.2d at 730.

When the complaint is factually challenged, "[t]he plaintiff bears 'the burden of proving the existence of subject matter jurisdiction,' and [the court] may look at materials 'outside the

---

[1] A motion to dismiss for lack of subject-matter jurisdiction may be asserted at any time. Fed. R. Civ. P. 12(h)(3); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434, 131 S. Ct. 1197, 179 L. Ed. 2d 159 (2011).

4

pleadings'" when determining whether it has jurisdiction. *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019) (quoting *Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013) (en banc)). "[N]o presumptive truthfulness attaches to [the plaintiff's] allegations, and the existence of disputed material facts will not preclude [the court] from evaluating . . . the merits of jurisdictional claims." *Iowa League of Cities v. E.P.A.*, 711 F.3d 844, 861 (8th Cir. 2013) (citing *Osborn*, 918 F.2d at 730). "It is the court's duty to 'decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue.'" *Buckler*, 919 F.3d at 1044 (quoting *Osborn*, 918 F.2d 724).

> 2. Failure to State a Claim Upon Which Relief Can Be Granted Under Federal Rule of Civil Procedure 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 192 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

In analyzing a motion to dismiss, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party, but [is] not bound to accept as true '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' or legal conclusions couched as factual allegations." *McDonough v. Anoka Cnty.*, 799 F.3d 931, 945 (8th Cir. 2015) (citations omitted) (quoting *Iqbal*, 556 U.S. at

678). "When considering a Rule 12(b)(6) motion, the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Ashford v. Douglas Cnty.*, 880 F.3d 990, 992 (8th Cir. 2018) (quoting *Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014)).

### B. Subject-Matter Jurisdiction

Defendants argue the Court lacks subject-matter jurisdiction over Akpovi's 1421(c) Petition because removal proceedings are pending against him. Filing 18 at 12-23. Akpovi argues the Court should not consider the fact he is in removal proceedings, or, alternatively, that the proceedings are invalid and do not prevent the Court from considering his Petition. Filing 23 at 21-25. The Court finds that while the Akpovi being placed in removal proceedings does not deprive it of jurisdiction over the present Petition, there is no remedy the Court can grant, and dismissal is therefore warranted.

8 U.S.C. § 1421(a) confers "[t]he sole authority to naturalize persons as citizens of the United States . . . upon the Attorney General." Under 8 U.S.C. § 1421(c), "[a] person whose application for naturalization . . . is denied, after a hearing before an immigration officer under section 1447(a) of this title, may seek review of such denial before the United States district court for the district in which such person resides." 8 U.S.C. § 1429 provides in part that "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act."

As an initial matter, Akpovi argues the Court should not consider the fact he is in removal proceedings because Defendants submitted proof of the removal proceedings in an index extrinsic

6

to the Complaint. Filing 23 at 10-11. He argues considering this evidence would convert Defendants' motion into one for summary judgment. Filing 23 at 11. However, in a motion to dismiss for lack of subject matter jurisdiction based on a factual challenge to the complaint, the Court "[the court] may look at materials 'outside the pleadings'" when determining whether it has jurisdiction. *Buckler*, 919 F.3d at 1044 (quoting *Herden*, 726 F.3d at 1046). The standard Akpovi cites is applicable to a motion to dismiss failure to state a claim or a motion for judgment on the pleadings, not a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment . . . ."). Thus, the Court will consider the index and the Notice to Appear for purposes of determining the Rule 12(b)(1) motion but not for purposes of the alternative Rule 12(b)(6) motion. Importantly, Akpovi does not contest the fact that he is in removal proceedings, nor does he present any evidence to contradict that assertion.

Defendants argue "§ 1429's prohibition against the Attorney General proceeding with naturalization while removal proceedings are pending should be applicable to the Court as well." Filing 18 at 15 (emphasis omitted). In other words, because the Attorney General cannot grant naturalization while Akpovi is in removal proceedings, they argue the Court also lacks jurisdiction to do the same. They cite to the historical context underlying the statute as indicating neither the Attorney General *nor* the district court should have jurisdiction in such circumstances. Filing 18 at 13-15. In particular, they argue linguistic changes to § 1429 over time indicate Congress's intention that removal proceedings be prioritized over naturalization proceedings. Filing 18 at 13. Akpovi argues the Court has jurisdiction either because the removal proceedings against him are

not valid because the denial of his I-751 was in error or because the removal proceedings were not commenced until *after* he had already filed his petition for naturalization. Filing 23 at 21-25.

The Eighth Circuit Court of Appeals has not had occasion to address a district court's jurisdiction over a § 1421(c) petition while removal proceedings are pending against a petitioner. Looking to the plain language of § 1429, the Court cannot conclude it deprives the Court of the jurisdiction to review naturalization petitions vested by §1421(c). Despite the historical context cited by Defendants, by its plain language § 1429 prohibits only the Attorney General—not the Court—from considering a naturalization application while removal proceedings are pending. *See* 8 U.S.C. § 1429 ("[N]o application for naturalization shall be considered *by the Attorney General* if there is pending against the applicant a removal proceeding" (emphasis added)); *accord Awe v. Napolitano*, 494 F. App'x 860, 865 (10th Cir. 2012) ("We agree with the shared conclusion of the Third, Sixth, and Ninth Circuits that § 1429 does not strip district courts of jurisdiction over petitions regarding naturalization applications. Plainly, the statutory prohibition refers only to the Attorney General . . . ."); *De Lara Bellajaro v. Schiltgen*, 378 F.3d 1042, 1046 (9th Cir. 2004), as amended (Sept. 1, 2004) ("[T]he text of § 1429—which does constrain consideration of naturalization applications during the pendency of a removal proceeding—clearly applies to the Attorney General. There is no hint in the language of § 1429 that it also applies to the courts. Thus, we see no textual basis for concluding that jurisdiction vested in district courts by § 1421(c) is divested by § 1429."); *Zayed v. United States*, 368 F.3d 902, 906 (6th Cir. 2004) ("Section [1429] simply has no bearing on the district court's *jurisdiction* to review the administrative denial of a naturalization application of an alien against whom removal proceedings have been initiated." (quoting *Grewal v. Ashcroft*, 301 F.Supp.2d 692, 696 (N.D. Ohio 2004)) (emphasis in original)).

However, even though § 1429 does not limit the district court's jurisdiction to review a naturalization petition under § 1421(c), it does affect the remedy the court could potentially grant upon undertaking such a review. The Attorney General has the "sole authority" to naturalize persons. 8 U.S.C. § 1421(a). Thus, where the Attorney General is prevented by § 1429 from granting naturalization due to the existence of removal proceedings, the district court, despite its jurisdiction to review a naturalization petition, cannot order an individual to be naturalized and cannot order the Attorney General to naturalize any such person. *See Zayed*, 368 F.3d at 906 ("A district court that is exercising its § 1421(c) jurisdiction can review only those decisions that § 1429 permits the Attorney General to make, of course."). Other courts have variously concluded that the lack of a viable remedy requires dismissal of a petition to review naturalization under § 1421(c) where removal proceedings are pending. *See Awe*, 494 F. App'x at 866 ("The initiation of removal proceedings against Mr. Awe rendered his § 1421(c) petition moot. A ruling by the district court ordering the USCIS to grant Mr. Awe's naturalization application, which was the substantive focus of his prayer for relief, would be ineffective because of § 1429's prohibition on agency action during the pendency of removal proceedings."); *Saba-Bakare v. Chertoff*, 507 F.3d 337, 340 (5th Cir. 2007) (finding petitioner must wait until the termination of removal proceedings before the district court can review his naturalization application because review is otherwise "futile"); *Zayed v. United States*, 368 F.3d 902, 906 (affirming the dismissal of plaintiff's petition for review of denial of naturalization where removal proceedings were pending and stating, "Ms. Zayed will have an opportunity to file a new petition if she prevails in the removal proceedings"). *But see Gonzalez v. Sec'y of Dep't of Homeland Sec.*, 678 F.3d 254, 258 (3d Cir. 2012) ("[D]istrict courts have jurisdiction to review a denial of naturalization during the pendency of removal proceedings and may issue a declaratory judgment regarding the lawfulness of such denial.").

Here, Akpovi asks the Court to review his application and "direct Defendants to approve [his] application for naturalization." Filing 1 at 11. The Court agrees with the above-cited cases that due to the fact Akpovi is in removal proceedings, it lacks the authority to grant the remedy he seeks. Akpovi's arguments regarding the timing or alleged invalidity of removal proceedings are unavailing in light of the plain statutory language preventing the Court from undertaking the action requests. Accordingly, the Court finds that while it has jurisdiction under 8 U.S.C. § 1421(c), it must nevertheless dismiss his petition without prejudice to reassertion should removal proceedings be terminated in his favor.

### C. Failure to State a Claim Upon Which Relief Can Be Granted

Even if the Court had the ability to grant the relief Akpovi seeks, Akpovi fails to state a claim upon which such relief could be granted. He argues USCIS's denial of his Form N-400 naturalization petition was erroneous because his residency status was not terminated by the denial of his I-751 application until after he had already filed for naturalization. Filing 1 at 10-11. Defendants argue that upon termination of his conditional residency status, Akpovi was no longer eligible for naturalization despite having already filed for it and his N-400 application was therefore correctly denied. Filing 18 at 4-9. The Court agrees with Defendants.

The requirements for naturalization are set forth in 8 U.S.C. § 1427. It provides:

> No person . . . shall be naturalized unless such applicant, (1) immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years and during the five years immediately preceding the date of filing his application has been physically present therein for periods totaling at least half of that time, and who has resided within the State or within the district of the Service in the United States in which the applicant filed the application for at least three months, (2) has resided continuously within the United States from the date of the application up to the time of admission to citizenship, and (3) during all the periods referred to in this subsection has been and still is a person of good moral character . . . .

10

8 U.S.C. § 1427. The parties do not dispute the latter two requirements but disagree over whether Akpovi qualifies under the first prong: whether immediately preceding the date of filing his application for naturalization Akpovi resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years. Akpovi argues he had been lawfully admitted for conditional permanent residence "immediately preceding the date of filing his application" because his residency was not terminated until after he had filed his N-400 Application. Filing 1 at 9-10. Defendants argue that Akpovi ceased meeting the first prong immediately upon the denial of his I-751 which terminated his residency status, regardless of the timing of filing his N-400. Filing 18 at 5.

Akpovi relies solely on the "immediately preceding" language, but his argument ignores the applicable definitions for the Immigration and Nationality Act which define "lawfully admitted for permanent residence" to mean "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, *such status not having changed*." 8 U.S.C. § 1101(a)(20) (emphasis added). Thus, Akpovi's argument that the filing of his N-400 "freezes" his residency status in time is unavailing; the phrase "lawfully admitted for permanent residence" itself contemplates that Akpovi have remained in such status at the requisite time—here, at the time USCIS adjudicated his N-400 Application for naturalization. Because he no longer met the first prong of § 1427 for having been lawfully admitted for permanent residence, USCIS correctly denied his N-400 application for naturalization. *Accord Ye v. Holder*, No. C 09-2073 MEJ, 2010 WL 2734815, at *6 (N.D. Cal. July 12, 2010) ("Under this definition [of lawfully admitted for permanent residence in § 1101(a)(2)], at the time USCIS terminated Plaintiff's conditional permanent resident, Plaintiff no longer qualified as a person lawfully admitted for permanent residence. Because she no longer met that

11

definition, she could not meet this requirement for naturalization . . . , making denial of her [naturalization] Application appropriate.").

Akpovi argues that even if the termination of his residency status made him statutorily ineligible for naturalization under § 1427, the Court should nevertheless reverse USCIS's decision because USCIS denied his I-751 in error. Filing 23 at 11-17. He also argues that the delay in deciding his I-751 violated the timeline USCIS's own guidelines required it to follow. Filing 23 at 13-14. Akpovi is essentially asking this Court to conduct an independent review of the merits of his I-751 Application for Removal of Conditions on Residency, arguing his marriage to a U.S. citizen was, in fact, bona fide and USCIS's determination to the contrary was incorrect. The Court is without authority to review the denial of the I-751. *See Al-Saadoon v. Barr*, 973 F.3d 794, 801–02 (8th Cir. 2020). "[Section] 1421(c)'s jurisdiction over naturalization claims does not extend to lawful permanent resident status claims. Although [the plaintiffs] try to incorporate their lawful permanent resident status issue into their request for naturalization, the two are clearly separate requirements. . . . 8 U.S.C. § 1421 grants the Court review authority only over the denial of the application for naturalization, not the ability to conduct collateral review of all the underlying agency actions which led to that determination such as the adjudication of his I-751 application."). Upon USCIS's termination of Akpovi's residency status, he no longer qualified for naturalization; such is the extent of the Court's capacity to review an N-400 denial. Thus, even if the Court were able to grant the remedy Akpovi seeks, it would nevertheless dismiss his petition for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that it has subject-matter jurisdiction over Akpovi's 8 U.S.C. § 1421(c) Petition but lacks the authority to grant the relief he requests and

therefore must dismiss the case without prejudice to reassertion should removal proceedings be terminated in Akpovi's favor. In the alternative, even if the Court had the authority to grant the relief Akpovi seeks, his Petition fails to state a claim upon which relief can be granted because Akpovi's Application for Naturalization was properly denied once his residency status was terminated.

IT IS ORDERED:

1. Defendants' Motion to Dismiss, Filing 16, is granted;
2. Petitioner's Petition for Review, Filing 1, is dismissed without prejudice; and
3. The Court will enter a separate Judgment.

Dated this 1st day of April, 2021.

BY THE COURT:

Brian C. Buescher
United States District Judge