IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HAFILS Y AKPOVI,<br><br>    Petitioner,<br><br>vs.<br><br>DAVID DOUGLAS, District Director USCIS Nebraska District Office; WILLIAM CONNOR, Field Office Director U.S. Citizenship and Immigration Services; KENNETH T. CUCCINELLI, Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services; CHAD F. WOLF, Acting Secretary U.S. Department of Homeland Security; and WILLIAM BARR, Attorney General U.S. Department of Justice;<br><br>    Respondents. | 8:20-CV-268<br><br>**MEMORANDUM & ORDER** |

  On April 1, 2021, the Court dismissed this case because it lacks authority to grant the relief sought by Petitioner and for failure to state a claim upon which relief can be granted. Filing 27. The Court subsequently entered judgment, Filing 28. Pending before the Court is petitioner Hafils Y Akpovi's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e). Filing 29. Because Akpovi has not demonstrated a manifest error of law or fact in the original judgment, his Motion to Alter or Amend is denied.

  Akpovi asks the Court to alter or amend its judgment dismissing his case pursuant to Federal Rule of Civil Procedure 59(e). Filing 29. "Motions under Rule 59(e) 'serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence . . . .'" *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)). Such motions "cannot be used to introduce new evidence,

tender new legal theories, or raise arguments which could have been offered or raised prior to the entry of judgment." *Id.* (quoting *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933). "[T]he district court has 'considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored . . . .'" *Ryan*, 889 F.3d at 508 (quoting *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 824 (2009)).

Akpovi argues that the Court committed a "manifest error of law" for purposes of Rule 59(e) by dismissing his petition without prejudice, specifically when the Court stated he could reassert the claim "should removal proceedings be terminated in his favor." Filing 30 at 2; Filing 27 at 10. Akpovi argues that because he would be "time-barred from reasserting" his petition for review, the Court erred in stating he could reassert his claim if he were to be successful in his removal proceedings. Filing 30 at 2.

The Court agrees that 8 C.F.R. § 336.9 requires the petition for review of a denial of an application for naturalization be filed "within a period of not more than 120 days after the USCIS final determination." However, the Court also correctly noted that Petitioner could reassert a petition should removal proceedings be terminated in his favor. Filing 27 at 10. Specifically, if successful in his removal proceedings, Akpovi would be able to file a new N-400 application and would not be precluded from filing a petition under 8 U.S.C. § 1421(c) should the newly filed application be denied. While this might be inconvenient or costly for Petitioner, this does not mean that the Court's legal conclusions constitute a "manifest error of law." Other courts have agreed that in similar situations, a petitioner could refile if he or she prevails in his or her immigration proceedings. *See, e.g.*, *Ajlani v. Chertoff*, 545 F.3d 229, 241 (2d Cir. 2008) ("To the extent Ajlani faults the district court for dismissing his [request-for-hearing-on-denial-of-naturalization] claim rather than holding it in abeyance pending the conclusion of his removal proceedings, we identify

no error because we do not understand the district court to have foreclosed the possibility of refiling if removal proceedings are resolved favorably to Ajlani."); Zayed v. United States, 368 F.3d 902, 907 (6th Cir. 2004) (finding no error in dismissing a petition for review of a naturalization denial because, "[t]he petition having been dismissed without prejudice, Ms. Zayed will have an opportunity to file a new petition if she prevails in the removal proceedings."). The standard for a Rule 59(e) motion to amend or alter is a high bar, and Akpovi has not demonstrated a manifest error of law or fact.

Akpovi also reasserts "all of the arguments set forth in his . . . Motion to Dismiss" and urges the Court to "reconsider its finding that it would 'nevertheless dismiss his petition for failure to state a claim upon which relief can be granted.'" Filing 30 at 3. Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Ship. Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)). To the extent that Akpovi raises a new argument or reiterates arguments previously made, a Rule 59(e) motion is not the appropriate vehicle to relitigate or disagree with an issued order.

IT IS ORDERED:

Petitioner's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e), Filing 29, is denied.

Dated this 19th day of July, 2021.

BY THE COURT:

Brian C. Buescher
United States District Judge